JEWELL and wife *vs.* HARRINGTON.

In an action of ejectment for dower, the plaintiff cannot, in general, for the purpose of showing her right to recover, avail herself of recitals contained in the deed by which the defendant holds the premises, or contained in the deed of his grantor, recognizing her right of dower; not being a party or privy to their deeds herself, they cannot operate as an estoppel upon her and consequently cannot have that effect upon others.

In case of the loss of the primary evidence to establish the right to recover, such recitals may be resorted to as secondary evidence.

THIS was an action of *ejectment for dower*, tried at the Otsego circuit, in September, 1835.

The plaintiffs claimed dower in 80 acres of land, in right of the wife, as the former widow of one Samuel Nash. On the trial of the cause they produced a deed from one Royal Crosby to the defendant, bearing date 9th September, 1822, conveying a moiety of the 80 acres of land. The description of the premises in this deed was followed by a clause in these words : "Subject, nevertheless, to the right of dower of Chloe Jewell, who was the widow of Samuel Nash, deceased, who was the former proprietor of the above described premises." The deed also contained a covenant of warranty against all claims and demands whatsoever, " except the said Chloe Jewell, in right of dower aforesaid." The plaintiffs also read in evidence a deed from Uriah, Nash to Royal Crosby, bearing date 22d December, 1820, conveying the same premises with the additional description, " that they were part of a tract of 100 acres conveyed by Samuel Stedson to Samuel Nash, by indenture bearing date 31st May, 1808." The description in this deed also contained a clause respecting the right of Chloe Nash, in these words ; " Subject to the right of Chloe Nash, the widow of Samuel Nash, deceased, in the above described premises." The plaintiffs also produced a *lease* of the same premises from Uriah Nash to Royal Crosby, executed previous to the last mentioned deed, to wit, on the 19th October, 1819, in which the right of Chloe Nash to dower was recognized. On this evidence the plaintiffs rested. The de-

NEW-YORK,
May, 1838.

[Jewell
v.
Harrington.

fendant on his part after giving in evidence a second deed from Crosby to him bearing date 26th June, 1823, conveying the remaining moiety of the 80 acres, in which there was no reference to the right of dower of the widow of Samuel Nash, *offered to give in evidence* a deed of the premises in question, from Samuel Nash and Chloe his wife, to Charles Eldred, bearing date 15th November, 1811, *duly acknowledged* by Chloe as well as her husband, and to deduce a regular title from Eldred to him, the defendant. Instead of this evidence being received or rejected, the plaintiffs were permitted to prove a *mortgage* from Samuel Nash to Charles Eldred, of the premises in question, bearing date 12th April, 1814, a foreclosure of the mortgage and a purchase of the premises by Uriah Nash; and they were further permitted to prove by a witness called by them, that he had always understood that there was a *re-sale of the* premises from Eldred to Samuel Nash at the time of the execution of the mortgage. Having given this evidence, the counsel for the plaintiffs objected to the admissibility of the evidence *offered on the part of the defendant,* insisting that the defendant was *estopped* by the deeds to Crosby and himself, in which the right of dower of the widow of Samuel Nash was recognized, from showing that she had no such right. The judge sustained the objection, and under his direction the jury found a verdict for the plaintiffs. The defendant moves for a new trial. The cause was submitted on written arguments.

*Campbell & Turner*, for the defendant.

*E. B. Morehouse*, for the plaintiffs.

*By the Court*, NELSON, Ch. J. The first rule laid down by Lord Coke in respect to *estoppels* is, that they must be reciprocal: that is, bind both parties; and this is the reason, he observes, that regularly, a *stranger* shall neither take advantage of nor be bound by an estoppel: privies in blood, as the heir; privies in estate, as feoffee, lessee, &c.; and privies in law, as the lord by escheat, tenant by the curtesy, in

dower, &c. shall be bound, and take advantage of estoppels.
2 Co. Litt. 476.    It was resolved in *Ford* v. *Grey*, 1 Salk.
285, that a recital of a lease in a deed of release is good
evidence of such lease against the releasor and those that
claim under him ; but as to others it is not, without proving
there was such a deed and that it was lost or destroyed.
6 Mod. 44.    1 Saund. Pl. & Ev. 42, 43.    1 Gilb. Ev. 101.
Now in this case the plaintiff Chloe is a *stranger* to the
deeds, the recitals in which are relied on to conclude the
defendant.    Assuming that he would be bound by the recital
in the deed from Uriah Nash to Crosby, his grantor, as a
privy in estate, yet it could only be in a case where the
interest of Uriah Nash or those representing him were con-
cerned.    The recital would protect them from any liability
on the covenants in the deed for an alleged breach by reason
of an eviction under the claim of dower, the conveyance
having been made subject to it.    But the plaintiff Chloe is
not a privy to the deed in any way ; but a stranger, who
had no interest or concern with it.    Before an estoppel can
be upheld here, the doctrine must be extended so as to operate
not only upon *those who come in* under the grantors, making
the admissions in his deed ; but also *in favor of those under
whom* the grantor himself claims : in other words, the effect of
the recital must be held to travel upwards, in favor of those
through whom the title was derived, as well as downward
to whom it had been conveyed or descended : for in this
case the most that can be said for the plaintiff is, that she
sets up her right to dower from one under whom the grantor
of the defendant holds.    The above view is as applicable
to the recital in the deed to the defendant as in that to his
grantor, and goes to deny the conclusive effect of either,
upon the ground of a technical estoppel.    The court, there-
fore, erred in refusing to admit the evidence disproving the
claim of the plaintiff, which seems, from the course of the
trial, was conceded to have been *prima facie* made out.

According to the fourth resolution in *Ford* v. *Grey*, the
principle of which has been repeatedly recognized, 1 Phil.
Ev. 356, 1 Stark. Ev. 358, 4 Binney, 231, 2 Lev. 108, 4
Peters, 84, the recital as between these parties, one of them

being a stranger to the deed, would not be admissible evidence even of the facts therein admitted. The only way in which it might be available to the plaintiffs is, in case of proof of the loss of the primary evidence; the recital, it seems, may then be used as secondary proof. 1 Salk. 286. 1 Saund. Pl. & Ev. 43. 1 Phil. Ev 356. Co. Litt, 684. 1 Stark. Ev. 319, n. Gilb. Ev. 101. In this case, there can be no doubt that, after a proper foundation laid, the recitals in the deed would afford evidence to prove a material fact, namely, that the defendant is in possession under a title derived from Samuel Nash; for then he would be estopped from denying the seizin of the husband. *Bowne* v. *Potter*, 17 Wendell, 164, and cases there cited. The recitals do not go fully that length, but they afford some evidence of the fact.

This view was not taken at the circuit by the judge, nor was the admission of the recitals urged by the counsel with reference to it. The authorities referred to in *Bowne* v. *Potter* show the proof necessary in this aspect of the case.

But slight evidence of seizin of the husband was given, and apparently no effort was made to prove that the defendant held under a title derived from him, that was subject to a right of dower; on the contrary, as I understand the facts, the defendant proposed to show affirmatively himself, that he derived a title mediately from the husband, by a conveyance in which the plaintiff joined, and which she duly acknowledged.

New trial granted ; costs to abide the event.